Name: KARIM BADAWI

A Number: 042166219

Address: 425 GOLDEN STATE AVE
BAKERSFIELD, CA
93301

PRO SE

FILED
2018 JUN -4 P 3:28
CLERK SUSAN Y. SOONG
U.S. DISTRICT

JSC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Name: KARIM BADAWI,

Petitioner,

v.

DAVID W. JENNINGS, Field Office Director, San Francisco Field Office, United States Immigration and Customs Enforcement; THOMAS D. HOMAN, Acting Director, United States Immigration and Customs Enforcement; KIRSTJEN M. NIELSEN, Secretary, United States Department of Homeland Security; JEFF SESSIONS, United States Attorney General; and WARDEN OF IMMIGRATION DETENTION FACILITY,

Respondents.

Case No. CV 18 3313

PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241

Petitioner [name] KARIM BADAWI petitions this Court for a writ of habeas corpus to remedy Petitioner's indefinite detention by Respondents.

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction and may grant relief under 28 U.S.C. § 2241 (habeas corpus), 28 U.S.C. § 1651 (All Writs Act), and 28 U.S.C. § 1331 (federal question). This Court also has jurisdiction to hear this case under the Suspension Clause of Article I of the

PETITION FOR WRIT OF HABEAS CORPUS

United States Constitution. *INS v. St. Cyr*, 533 U.S. 289 (2001).

2. Because Petitioner challenges his or her custody, jurisdiction is proper in this Court. While the courts of appeals have jurisdiction to review removal orders through petitions for review, *see* 8 U.S.C. §§ 1252(a)(1) and (b), the federal district courts have jurisdiction under 28 U.S.C. § 2241 to hear habeas petitions by noncitizens challenging the lawfulness of their detention. *See, e.g.*, *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001); *Nadarajah v. Gonzales*, 443 F.3d 1069, 1075-76 (9th Cir. 2006).

3. Petitioner has exhausted any and all administrative remedies to the extent required by law.

4. Venue is proper in the Northern District of California pursuant to 28 U.S.C §§ 1391(b) and (e) because a substantial part of the events or omissions giving rise to these claims occurred in this district. All material decisions have been made at the San Francisco Field Office of Immigration and Customs Enforcement (ICE), which is located in this judicial district.

## PARTIES

5. Petitioner is a noncitizen who is currently detained by Immigration and Customs Enforcement (ICE) at the [name of detention facility] MESA VERDE DETENTION in [city, state] BAKERSFIELD, CA.

6. Respondent David W. Jennings is the Field Office Director for the San Francisco Field Office of ICE. Respondent Jennings has the authority to order Petitioner's release or continued detention. As such, Respondent Jennings is a legal custodian of Petitioner.

7. Respondent Thomas D. Homan is the Acting Director of ICE. As the head of ICE, an agency within the United States Department of Homeland Security that detains and removes certain noncitizens, Respondent Homan is a legal custodian of Petitioner.

8. Respondent Kirstjen M. Nielsen is the Secretary of the United States Department of Homeland Security. She is responsible for the implementation and enforcement of the immigration laws and oversees ICE. As such, Respondent Nielsen has ultimate custodial authority over Petitioner.

9. Respondent Jeff Sessions is the Attorney General of the United States. As the head of the United States Department of Justice, which oversees the immigration courts, Respondent Sessions shares responsibility for enforcement of the immigration laws with Respondent Kelly.

10. Respondent Warden of Immigration Detention Facility is also a legal custodian of Petitioner.

11. All Respondents are sued in their official capacities.

### FACTUAL ALLEGATIONS

12. Petitioner [name] KARIM BADAWI was born in [country] PALISTINE.

13. Petitioner entered the United States on or about [date] APRIL 1989. Petitioner's immigration history is as follows: BORN 1975 IN PALESTINE, FATHER CAME TO U.S. LEGALY PRIOR TO PETITIONER. FATHER FILED NECESARY DOCUMENTS FOR FAMILY TO TRAVEL TO U.S WITH A TEMPORARY PASSPORT FROM JORDAN. IN THE FOLLOWING YEARS ISRAEL TOOK OVER PALESTINE, RESULTING IN PETITIONER NOW NOT HAVING NATIVE COUNTRY.

14. Petitioner's criminal history is as follows: IN 2016 PETITIONER WAS CONVICTED OF 'GRAND THEFT'. PETITIONER HAS NO HISTORY OF VIOLENCE.

\*SEE ATACHMENTS.

15. Petitioner was detained by Immigration and Customs Enforcement on or about [date] DEC. 4TH, 2017. Petitioner has remained in ICE custody since that date.

16. An Immigration Judge ordered Petitioner removed from the United States on or about [date] 2005. Petitioner [circle one] DID / (DID NOT) appeal the Immigration Judge's decision to the Board of Immigration Appeals (BIA). The BIA dismissed Petitioner's appeal on [date, if applicable] _____.

17. Petitioner received a document titled "Decision to Continue Detention" from ICE

on or about [date] MARCH, 2018_____. Petitioner received a second "Decision to Continue Detention" from ICE on or about [date] _____.

18. Petitioner has cooperated fully with all of ICE's efforts to remove Petitioner. Petitioner has cooperated with ICE in the following ways: PETITIONER HAS REMAINED IN CUSTODY FOR MORE THAN 180 DAYS, PETITIONER HAS GIVEN ICE ALL DOCUMENTS REQUESTED.

19. Nonetheless, ICE has been unable to remove Petitioner from the United States. ICE is unlikely to be able to remove Petitioner because: PETITIONER NO LONGER HAS A COUNTRY NOR IS HE A CITIZEN OF JORDAN.

## LEGAL FRAMEWORK

20. In *Zadvydas v. Davis*, the Supreme Court held that the immigration statute 8 U.S.C. § 1231(a)(6) does not allow ICE to detain a noncitizen indefinitely while attempting to carry out removal. 533 U.S. 678, 689 (2001). Because of the "serious constitutional problem" posed by indefinite detention, the Court read the statute to limit a noncitizen's detention to "a period reasonably necessary to bring about that alien's removal from the United States." *Id.*

21. The Court also recognized six months as the "presumptively reasonable period" of post-removal order detention. *Id.* at 701. After six months, once the noncitizen provides "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the burden shifts to the government to rebut that showing. *Id.* Moreover, "as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id.*

22. In *Clark v. Martinez*, the Supreme Court held that its ruling in *Zadvydas* applies equally to noncitizens who have never been admitted to the United States. 543 U.S. 371 (2005).

## CLAIM FOR RELIEF

### VIOLATION OF THE IMMIGRATION AND NATIONALITY ACT

23. The foregoing allegations are realleged and incorporated herein.

24. Petitioner's continued detention is unlawful and violates 8 U.S.C. § 1231(a)(6) as interpreted by the Supreme Court in *Zadvydas*. The six-month presumptively reasonable period of detention has expired and Petitioner has provided good reason to believe that his or her removal is not significantly likely to occur in the reasonably foreseeable future. Therefore, Respondents lack authority to continue detaining Petitioner.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully requests that the Court grant the following relief:

a. Assume jurisdiction over this matter;

b. Issue an order pursuant to 28 U.S.C. § 2243 directing Respondents to show cause why the writ of habeas corpus should not be granted;

c. Grant the writ of habeas corpus and order Petitioner's immediate release from custody;

d. Grant any other and further relief as the Court deems just and proper.

Date: 5-28-18           Signature: Kareem B_____
                                    Petitioner

```
PAGE 04
* * * *

ARR/DET/CITE:            NAM:01   DOB:19751110
19970201   CAPD AZUSA

CNT:01      #5122501 20206864
  -WARRANT
  11550(A) HS-USE/UNDER INFL CONTRLD SUBSTANCE
   WARRANT    #CIT6JM0599601
* * * *

ARR/DET/CITE:            NAM:01   DOB:19751110
19970929   CAPD ARCADIA

CNT:01      #64848
  496(A) PC-RECEIVE/ETC KNOWN STOLEN PROPERTY
19970929
 DISPO:REL/DET ONLY/ASCERT EVIDENCE INSUFF

CNT:02
  11550(A) HS-USE/UNDER INFL CONTRLD SUBSTANCE
    COM: DCN-C0036923579600001701
* * * *

ARR/DET/CITE:            NAM:06   DOB:19751110
19971107   CAPD PASADENA

CNT:01      #5445582
  487(A) PC-GRAND THEFT:MONEY/LABOR/PROP
- - - -
COURT:                   NAM:06
19980120   CAMC PASADENA

CNT:01      #GA034166-01
  459 PC-BURGLARY
 DISPO:DISMISSED/FURTHERANCE OF JUSTICE

CNT:02
  487(A) PC-GRAND THEFT:MONEY/LABOR/PROP
*DISPO:CONVICTED
   CONV STATUS:FELONY
   SEN: IMP SEN SS,3 YEARS PROBATION,
        180 DAYS JAIL
   COM: DCN-C0057441479600005001
* * * *

ARR/DET/CITE:            NAM:01   DOB:19751010
19981031   CAPD WEST COVINA

CNT:01      #9800004032
  -WARRANT
  487(A) PC-GRAND THEFT:MONEY/LABOR/PROP
   WARRANT    #XNEGA03437101
* * * *

ARR/DET/CITE:            NAM:07   DOB:19751110
19990115   CAPD PASADENA
```

ATACHMENT ①

```
PAGE 05
CNT:01      #5926840
  487(A) PC-GRAND THEFT:MONEY/LABOR/PROP
   NUMBER    #PASGA03416601
* * * *

ARR/DET/CITE:          NAM:08  DOB:19751110
20020209  CASO LA INDUSTRY

CNT:01      #7176597
  11377(A) HS-POSSESS CONTROLLED SUBSTANCE
    COM: PHOTO AVAILABLE
    COM: ADR-020902  (1422, 10TH AVE,  ,  , ARCADIA, CA, , )
    COM: SCN-45420400025
- - - -
COURT:                 NAM:09
20020225  CASC EL MONTE

CNT:01      #ELMKA05594501
  11377(A) HS-POSSESS CONTROLLED SUBSTANCE
*DISPO:CONVICTED
    CONV STATUS:FELONY
    SEN: 5 YEARS PROBATION

CNT:02
  11550(A) HS-USE/UNDER INFL CONTRLD SUBSTANCE
*DISPO:CONVICTED
    CONV STATUS:MISDEMEANOR
    SEN: 5 YEARS PROBATION

20020225
 DISPO:CONDITION OF PROB-FIREARM RESTRICTION
 DISPO:COND OF PROB-DRUG TREATMENT PLACEMENT

20081113
 DISPO:FOR CERT INFO SEE AUTOMATED ARCHIVE SYS
    COM: CONVICTION CERTIFIED BY JOHN A  CLARKE,EXECUTIVE
         OFFICER CLERK,CASCEL MONTE
    COM: DCN-P0918023180819000047
* * * *

ARR/DET/CITE:          NAM:09  DOB:19751110
20030508  CASO LA INMATE RECEP CTR

CNT:01      #7685664
  -BENCH WARRANT
  11377(A) HS-POSSESS CONTROLLED SUBSTANCE
 DISPO:DISPO SEE MATCH ARR/DET/CITE NUMB(FDSMN)
    ARR BY:CAPD LOS ANGELES
    WARRANT   #KA05594501
    COM: ADR-050803  (9626, NIOMI ST,  ,  , TEMPLE CITY, CA, 91007,
         )  TIME AT ADDRESS-(02 YEARS,  )
    COM: SCN-46731280012
* * * *

APPLICANT:             NAM:10
20030813  CACB LA DPT CHILDREN & FAM, LOS ANGELES

CNT:01      #GC43 9399349
```

```
PAGE 06
  APP SUB ARREST RELATIVE, CHILD PLACEMENT
    COM: SCN-57632250005 ATI-I225KAB600

20050407
 DISPO:NO LONGER INTERESTED
* * * *

ARR/DET/CITE:           NAM:11  DOB:19751110
 20041018   CAPD EL MONTE

CNT:01    #8318111-20206864
  10851(A) VC-TAKE VEH W/O OWN CONSENT/VEH THEFT
20041229
 DISPO:PROS REL-DET ONLY-LACK OF SUFF EVID
    COM: ADR-20041018 (9626,NAOMI AVENUE, ,E,ARCADIA,CA,91007)
    COM: PHOTO AVAILABLE
    COM: SCN-41442920004
    COM: DCN-T6065640470519000070
* * * *

ARR/DET/CITE:           NAM:09  DOB:19751110
 20050129   CASO LA TEMPLE

CNT:01    #8439101-20206864
  11550(A) HS-USE/UNDER INFL CONTRLD SUBSTANCE

CNT:02
  11364 HS-POSSESS CONTROL SUBSTANCE PARAPHERNA
    COM: ADR-20050129 (9626,NAOMI AV, ,E,ARCADIA,CA,91007)
    COM: SCN-46850290013
* * * *

ARR/DET/CITE:           NAM:01  DOB:19751110
 20050209   CASO LA TEMPLE

CNT:01    #8452625-20206864
  10851(A) VC-TAKE VEH W/O OWN CONSENT/VEH THEFT
    COM: ADR-20050209 (9626,NAOMI AV, ,E,ARCADIA,CA, ,)
    COM: SCN-46850400010
- - - -
COURT:                  NAM:01
 20051011   CASC LOS ANGELES POMONA

CNT:01    #KA06971401
  10851(A) VC-TAKE VEH W/O OWN CONSENT/VEH THEFT
*DISPO:CONVICTED
    CONV STATUS:FELONY
    SEN: IMP SEN SS,3 YEARS PROBATION,
         365 DAYS JAIL,RESTN

 DISPO:CONDITION OF PROB-FIREARM RESTRICTION

20051015
 DISPO:DEFENDANT PLEAD GUILTY
 DISPO:CHRGS&DIRECT CONSEQUENCES OF PLEA
 DISPO:DEFENDANT REPRESENTED BY COUNSEL
 DISPO:RIGHT TO TRIAL BY JURY WAIVED-NO
 DISPO:PRIV AGNST COMPLSRY SLF INCRIM&WAIVE-YES
```

ATACHMENT②

```
PAGE 07
 DISPO:RIGHT CONFRONT&CROSS EXAM WIT&WAIVE-YES
 DISPO:DEF COUNSEL CONCURRED DEFNDT PLEA/ADMISS

20051015
 DISPO:CRT FIND PLEA KNOWLDGE&INTELLIGNT&VOLUNT
 DISPO:CONVICTION CERT BY CLERK OF THE COURT
    COM: CONVICTION CERTIFIED BY JOHN A  CLARKE,EXECUTIVE
         OFFICER CLERK,CASCLOS ANGELES POMONA

20061204
 DISPO:PROBATION REVOKED
   SEN: 16 MONTHS PRISON
* * * *

ARR/DET/CITE:           NAM:06   DOB:19751110
 20051023   CAPD PASADENA

CNT:01      #8786423-20206864
    -WARRANT
  11550(A) HS-USE/UNDER INFL CONTRLD SUBSTANCE
 DISPO:DISPO SEE MATCH ARR/DET/CITE NUMB(FDSMN)
   WARRANT    #PAS5PA4563201
    COM: ADR-20051023 (1005,MT OLIVE, , ,DUARTE,CA,91010)
    COM: PHOTO AVAILABLE
    COM: SCN-L3252960016
* * * *

ARR/DET/CITE:           NAM:01   DOB:19751110
 20060907   CASO LA TEMPLE

CNT:01      #9196113-20206864
  530.5(A) PC-GET CREDIT/ETC:USE OTHER'S ID

CNT:02
  475(B) PC-POSS BLANK CHECK/ETC:DEFRAUD

CNT:03
  14601.1(A) VC-DRIVE WHILE LIC SUSPEND/ETC

CNT:04
  148.9(A) PC-FALSE ID TO SPECIFIC PEACE OFICERS
    COM: ADR-20060907 (1005,MT OLIVE DR,12, ,DUARTE,CA, ,)
    COM: PHOTO AVAILABLE
    COM: SCN-M3762510005
- - - -
COURT:                  NAM:09
 20061204   CASC EL MONTE

CNT:01      #6RI0627801
  148.9(A) PC-FALSE ID TO SPECIFIC PEACE OFICERS
 DISPO:DISMISSED/FURTHERANCE OF JUSTICE

CNT:02
  14601.1(A) VC-DRIVE WHILE LIC SUSPEND/ETC
 DISPO:DISMISSED/FURTHERANCE OF JUSTICE
    COM: DCN-P1023043430619000902
* * * *
```

Office of Enforcement and Removal Operations

U.S. Department of Homeland Security
San Francisco Field Office
San Francisco, CA



U.S. Immigration
and Customs
Enforcement

BADAWI, Karem Mohamad
c/o Immigration and Customs Enforcement
San Francisco Field Office

A042 166 219

## Decision to Continue Detention

This letter is to inform you that your custody status has been reviewed and it has been determined that you will not be released from the custody of U.S. Immigration and Customs Enforcement (ICE) at this time. This decision has been made based on a review of your file and/or your personal interview and consideration of any information you submitted to ICE's reviewing officials.

**You will remain in custody pending disposition of the travel document request.**

Based on the above, you are to remain in ICE custody pending your removal from the United States. You are advised that you must demonstrate that you are making reasonable efforts to comply with the order of removal and that you are cooperating with ICE's efforts to remove you by taking whatever actions ICE requests to affect your removal. You are also advised that any willful failure or refusal on your part to make timely application in good faith for travel or other documents necessary for your departure, or any conspiracy or actions to prevent your removal or obstruct the issuance of a travel document, may subject you to criminal prosecution under 8 USC Section 1253(a).

If you have not been released or removed from the United States by June 1, 2018, jurisdiction of the custody decision in your custody will be reviewed again. San Francisco Field Office will make a final determination regarding your custody.

_____
Erik S. Bonner
Deputy Field Office Director

MAR 0 9 2018
_____
Date

www.ice.gov



Office of Enforcement and Removal Operations

**U.S. Department of Homeland Security**
800 Truxtun Ave.
Bakersfield, CA, 93301



U.S. Immigration
and Customs
Enforcement

January 24, 2018
A042 166 219

Badawi, Karem Mohamad
425 Golden State Hwy
Bakersfield, CA 93301

## Notice to Alien of File Custody Review

You are detained in the custody of U.S. Immigration and Customs Enforcement (ICE) and you are required to cooperate with ICE in effecting your removal from the United States. If ICE has not removed you from the United States within the removal period as set forth in INA 241(a) (normally 90-days of either: 1) your entering ICE custody with a final order of removal, deportation or exclusion, or 2) the date of any final order you receive while you are in ICE custody), ICE's Deciding Official will review your case for consideration of release on an Order of Supervision. Release, however, is dependent on your demonstrating to the satisfaction of the Attorney General that you will not pose a danger to the community and will not present a flight risk.

Your custody status will be reviewed on or about 03/03/2018. The Deciding Official may consider, but is not limited to considering the following:

1. Criminal convictions and criminal conduct;
2. Other criminal and immigration history;
3. Sentence(s) imposed and time actually served;
4. History of escapes, failures to appear for judicial or other proceedings, and other defaults;
5. Probation history;
6. Disciplinary problems while incarcerated;
7. Evidence of rehabilitative effort or recidivism;
8. Equities in the United States;
9. Cooperation in obtaining your travel document.
10. Any available mental health reports.

You may submit any documentation you wish to be reviewed in support of your release, prior to the date listed above, to the attention of the Officer and address below. English translations must be provided pursuant to 8 CFR 103.2(b)(3). An attorney or other person may submit materials on your behalf. The deciding official will notify you of the decision in your case. Attached to this notice is a list of free or low cost legal representatives who may be able to provide assistance to you in preparing your case.

www.ice.gov