1   Name: KARIM BADAWI
2   A Number: 042166219
3   Address: 425 GOLDEN STATE AVE
4   BAKERSFIELD, CA
5   93301
6
7   PRO SE

FILED
2018 JUN -4 P 3: 23
CLERK SUSAN Y. SOONG
U.S. DISTRICT...

JSC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Name: KARIM BADAWI,

Petitioner,

v.

DAVID W. JENNINGS, Field Office Director, San Francisco Field Office, United States Immigration and Customs Enforcement; THOMAS D. HOMAN, Acting Director, United States Immigration and Customs Enforcement; JOHN F. KELLY, Secretary, United States Department of Homeland Security; JEFF SESSIONS, United States Attorney General; and WARDEN OF IMMIGRATION DETENTION FACILITY,

Respondents.

Case No. CV-18 3313

MOTION FOR APPOINTMENT OF COUNSEL PURSUANT TO 18 U.S.C. § 3006A

Petitioner [name] KARIM BADAWI has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging Petitioner's indefinite detention by Respondents. Petitioner was detained by Immigration and Customs Enforcement (ICE) on or about [date] DEC. 4TH, 20017. Petitioner has remained in ICE custody since that date. An Immigration Judge ordered Petitioner removed and Petitioner's removal order became final on or about [date] 2005, but ICE has been unable to remove

Petitioner.

In *Zadvydas v. Davis*, the Supreme Court held that the immigration statute 8 U.S.C. § 1231(a)(6) does not allow ICE to detain a noncitizen indefinitely while attempting to carry out removal. 533 U.S. 678, 689 (2001). After six months of presumptively-reasonable detention, if the noncitizen provides good reason to believe that removal is not reasonably foreseeable, the burden shifts to the government to rebut that showing. *Id.* at 701.

Petitioner moves the Court to appoint counsel to represent Petitioner in this case. The Court may appoint counsel in a habeas action when the "interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Here, Petitioner has a strong chance of success on the merits because Petitioner has been held for longer than six months since being ordered removed and Petitioner's country still refuses to accept him or her. However, given the complexity of the law on immigration detention and Petitioner's status as a detained immigrant, Petitioner would have great difficulty presenting the case without the assistance of counsel. For these reasons, Petitioner respectfully requests that the Court appoint counsel.

Date: 5-28-18       Signature: Kareem B.
                              Petitioner