UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARIM BADAWI,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>DAVID W. JENNINGS, *et al.*,<br><br>　　　　　Respondents. | Case No. 1:18-cv-00822-JDP<br><br>ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE GRANTED<br><br>ORDER DIRECTING CLERK OF COURT TO SERVE DOCUMENTS ON UNITED STATES ATTORNEY |

Petitioner Karim Badawi is a detainee of the U.S. Bureau of Immigration and Customs Enforcement ("ICE") who is proceeding pro se with a petition for a writ of habeas corpus under 28 U.S.C. § 2241. The matter is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases, which the court applies to Section 2241 proceedings. *See* Rules Governing Section 2254 Cases, Rule 1(b); 28 U.S.C. § 2243. Under Rule 4, the assigned judge must promptly examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief.

The undersigned has reviewed the petition. (Doc. No. 1.) Petitioner alleges that he was born in Palestine and entered the United States legally in 1989 with a temporary Jordanian passport. Thereafter, following Israel's takeover of Palestine, petitioner alleges that he was left stateless. He alleges that he was ordered removed from the United States at some point in 2005 and that he was detained by ICE on December 4, 2017. He alleges that his continued detention—

1

which has now gone on for more than six months—is unlawful. The court will require a response to the petition, set a 45-day briefing schedule, and order service of documents.

For these reasons,

1. Respondents must submit a return to the order to show cause within forty-five (45) days of the date of service of this order.
2. Respondents must file with the return a copy of petitioner's alien file and all other documents relevant to the determination of the issues raised in the petition. *See* Rules Governing Section 2254 Cases, Rule 5.
3. Petitioner may file a traverse to the return within ten (10) days of the date the return is filed with the court.
4. If petitioner is released from ICE custody during the pendency of the petition, the parties must notify the court within fourteen days (14) of release by filing a motion to dismiss the petition or other proper motion.
5. The clerk of the court is directed to serve a copy of the petition on the U.S. Attorney.

All motions must be submitted on the record and briefs filed without oral argument unless otherwise ordered by the court. *See* Local Rule 230(l). If any party requires additional time, that party should file a motion for amendment of the schedule before the relevant deadline has passed and explain in detail why the party cannot comply with the schedule. Extensions will be granted only upon a showing of good cause. Local Rule 110 applies to this order.

If the parties fail to notify the court that petitioner has been released, the parties may be subject to sanctions. *See* Local Rule 110.

IT IS SO ORDERED.

Dated: June 19, 2018 /s/ *Jeremy D. Peterson*
UNITED STATES MAGISTRATE JUDGE