McGREGOR W. SCOTT
United States Attorney
AUDREY B. HEMESATH
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Email: Audrey.Hemesath@usdoj.gov

Attorneys for Respondents

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

KARIM BADAWI,

    Petitioner,

v.

DAVID W. JENNINGS, et al.,

    Respondents.

Case No. 1:18-cv-822 JDP

RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS

The government hereby responds to the petition for writ of habeas corpus filed by petitioner Karim Badawi. Badawi is lawfully detained pursuant to 8 U.S.C. § 1231(a)(6) as an alien who has been ordered removed and, due to his prior serious felony convictions, has been determined in the discretion of the Department of Homeland Security to remain in custody while the agency arranges for his removal, now that the agency has obtained a travel document.

**I.    BACKGROUND**

Karim Badawi was ordered removed to Jordan pursuant to 8 U.S.C. § 127(a)(2)(A)(iii) by an Immigration Judge on March 8, 2007. Attachment A (Declaration of Robert R. Dutra,

Deportation Officer), ¶ 3. On that same day, Badawi waived appeal of the decision of the Immigration Judge and his removal order became final. *Id.* ¶ 3.

For the next several years, Badawi was in and out of immigration custody, as Immigration and Customs Enforcement ("ICE") attempted to obtain a travel document and execute the order of removal. *Id*. at ¶ 4-9. In 2016 and continuing into 2017, Badawi served a term of imprisonment in California; Badawi reentered ICE custody on December 4, 2017. *Id*. at ¶ 11.

Very recently, on August 1, 2018, ICE received notification that a travel document was issued for Badawi from the Kingdom of Jordan. *Id.* at ¶ 17. Badawi's removal from the United States is now imminent. *Id.* at ¶ 17.

Badawi is detained pursuant to 8 U.S.C. § 1231(a)(6), which provides that the Department of Homeland Security must make a determination whether an alien is a danger to the community; if he is, then the detention may extend beyond the removal period. 8 U.S.C. § 1231(a)(6). The Department of Homeland Security has made that determination in this case, and Badawi remains in custody pending the execution of his removal order.

## II. THERE IS A SIGNIFICANT LIKELIHOOD BADAWI WILL BE REMOVED IN THE REASONABLY FORESEEABLE FUTURE.

To prevail in this habeas petition, Badawi bears the burden of making a showing that there is not a significant likelihood of removal in the reasonably foreseeable future. On the current record, he cannot meet that burden. To the contrary, ICE has been informed that it has received a travel document, and Badawi will be removed as soon as travel arrangements are made. Attachment A at ¶ 17.

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court recognized six months as a presumptively reasonable period of time to allow the government to accomplish an alien's

removal. *Id.* at 701. The Supreme Court considered whether 8 U.S.C. § 1231(a)(6) authorizes the Attorney General "to detain a removable alien indefinitely beyond the removal period or only for a period reasonably necessary to secure the alien's removal." *Zadvydas*, 533 U.S. at 682. The petitioners in *Zadvydas* could not be removed because no country would accept them. Thus, removal was "no longer practically attainable," and the period of detention at issue was "indefinite" and "potentially permanent." *Id.* at 690–91. The Supreme Court held that 8 U.S.C. § 1231(a)(6), which permits detention of removable aliens beyond the 90–day removal period, does not permit "indefinite detention." Id. at 689–697, 121 S.Ct. 2491. The Court explained that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by the statute." Id. at 699, 121 S.Ct. 2491.

The *Zadvydas* Court further held that detention remains presumptively valid for a period of six months. *Id.* at 701. Badawi's detention has exceeded that six-month presumptively valid period by approximately two months. But, the *Zadvydas* Court did not require that every alien who has been in detention in excess of that period be released. To the contrary, the Court held:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Id. Zadvydas* places the burden of proof on the alien seeking release to demonstrate good reason to believe that his or her repatriation is not likely in the reasonably foreseeable future. If the alien fails to meet his or her burden, or if the government rebuts the alien's demonstration, then continued detention is permissible.

The government proposes to file a supplemental response within an additional 60 days if this petition for writ of habeas corpus has not become moot by the execution of the order of removal.

### III. CONCLUSION

Badawi's detention is lawful under 8 U.S.C. § 1231(a)(6). The government will file a status report on or before October 3, 2018 with any new information relevant to the execution of the order of removal. Additionally, the government advises that there is a pending class action case relating to immigration detention—*Aleman-Gonzalez v. Sessions*, 3:18-cv-1869 (N.D.Ca. June 5, 2018)—but the government's position at present is that Badawi is not a class member and not entitled to a bond hearing. If that position changes and Badawi is provided a bond hearing, the government will timely apprise the Court.

August 3, 2018

                                          Respectfully Submitted,

                                          McGREGOR W. SCOTT
                                          United States Attorney

                            By:    */s/ Audrey B. Hemesath*
                                          Audrey B. Hemesath
                                          Assistant United States Attorney